HOOD, Judge.
Defendant has appealed from a judgment condemning him to pay plaintiff the principal sum of $428.90, representing the value of a number of potato crates which were owned by plaintiff but which had been taken by defendant and appropriated to his own use.
The evidence shows that during the year 1957 plaintiff and defendant were competitors in the business of buying potatoes from farmers. It was customary in that business for the buyer to furnish the crates necessary for handling and transporting the potatoes which he bought. During the fall of that year plaintiff placed 1,104 new crates on the farm of A. B. Doucet and Eugene Labouve, with the expectation of using these crates in handling and transporting the potatoes which plaintiff planned to purchase from these two farmers. After the crates had been placed on that farm, however, Doucet and Labouve sold their potatoes to defendant Pellerin instead of to plaintiff. Pellerin then used all of the crates which plaintiff had placed on the farm, and he has never returned the orates to plaintiff nor has he paid plaintiff for them. Plaintiff thereupon instituted this suit for the value of the crates used by defendant.
Although defendant admits that he used the crates and that they “should be returned *645 to the plaintiff,” he resists plaintiff’s demand on the ground that he has offered to return the crates to defendant and that defendant has refused to accept them. No issue is raised here as to the value of the crates at the time they were taken, and the evidence establishes that new crates, such as those supplied by plaintiff in this instance, deteriorate, become discolored and eventually are rendered unsuitable for use in transporting potatoes with age, wear and exposure.
The evidence is conflicting as to whether it was a “custom in the trade” for a buyer to use crates which had been supplied by another buyer, and thereafter to simply return or replace the crates which had been taken. The evidence which does tend to show that such a custom existed, however, also indicates that the custom or practice was to return or replace the crates so used simultaneously with or immediately after the taking.
In this case the trial court found that defendant had made no effort to return the crates to plaintiff or to replace them up to the time of the trial, which occurred almost three years after the crates had been taken. We think the evidence supports this conclusion reached by the trial judge. If, therefore, a custom did exist for one buyer to use and then return or replace orates owned by another buyer, it is apparent that defendant violated the terms of any implied agreement which may have arisen because of such a custom by failing to promptly return to plaintiff the crates which he had used.
Also, defendant admits that while he was loading the crates and potatoes in his truck, the president of plaintiff’s company informed him that if defendant took the crates, plaintiff would not accept the return of empty ones but wanted to be paid in cash for them. Defendant proceeded to take plaintiff’s crates after this information was conveyed to him. In view of that fact, and in spite of the custom which may have existed, we think it is clear that there was no implied agreement between the parties to the effect that plaintiff would accept a return of the crates instead of payment for them.
Under all of the circumstances presented here, we think the trial judge correctly held that defendant is liable to plaintiff for the value of the crates which he appropriated to his own use.
For the reasons herein assigned, therefore, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.